and the company sued out a writ of error to reverse the judgment. From the evidence it would appear that the plaintiff relied for a recovery upon statutory negligence—the failure to erect and maintain a fence, as provided by the law, upon its line of railroad. The evidence utterly fails to show that the hogs killed, got upon the track at a place where the company was required by the statute to fence against them. The plaintiff must negative the exceptions contained in the statute, where he relies upon the failure to fence as a ground of recovery. Judgment reversed. Opinion by PILLSBURY, P. J. Judge below, DAVID J. BAKER. Attorneys, for appellant, Mr. F. M. YOUNGBLOOD; for appellees, Mr. J. A. TREECE and Messrs. ROSS & LAYMAN. Opinion filed June 12, 1886.

No. 53. Lauder v. Albright & Co. This case was tried in the court below on an appeal from a justice of the peace. It was tried before a jury, and a verdict and judgment for plaintiff for $128.95. The claim was for lumber sold and delivered. There is no dispute as to the amount of lumber furnished, or the price to be paid; but it is insisted by appellant that he purchased it subject to inspection and acceptance by the Illinois Central Railroad Company, and that 12,175 feet of that which was furnished was rejected by said company. Appellees deny that the Illinois Central had anything to do with the lumber as between them and appellants, and also that there is any legal proof that the company did inspect and reject a portion of it as claimed by appellant. The only proof of this latter fact is a statement marked "B," made by appellant, in regard to which he swears, "I do not know by whom the lumber was inspected in Chicago. I only go by the reports sent back to me from Chicago, purporting to come from the I. C. R. R. Co." To the introduction of this statement "B," appellees objected, but the objection was overruled. This evidence was clearly incompetent. To hold otherwise is to permit the unsworn statement of an unknown party to be received in evidence. Three witnesses, who testify on behalf of appellees, swear that the lumber furnished by appellees to appellant was all good, first-class lumber, and no witness contradicts them. The evidence shows that the lumber was accepted by appellant. Therefore, even if the I. C. R. R. Co.

was to inspect it, in the absence of competent proof that a part of that which was furnished was rejected, appellees would be entitled to recover for the whole amount furnished at the contract price, which is the recovery below. After the lumber was furnished, appellees called on appellant for payment, and he, after examining the account and deducting the 12,175 feet as being rejected by the railroad company, found that he owed a balance of $11.88, for which amount he drew a check in these words: "The City Bank of Carbondale: Pay to Messrs. Albright & Co. or order, $11.88 (to balance accounts to date) dollars." Hugh Lander. This check he sent to appellees by mail, and it was afterward returned to him by the bank indorsed Albright & Co., paid. This transaction, it is said, is *prima facie* evidence of a settlement. There is no proof whatever that appellees were represented by any one at the time the accounts were examined and the deduction of rejected lumber made. The mere fact that appellees accepted the check and received the money upon it, with a statement in parenthesis that it was "to balance accounts to date," under the evidence in the case can scarcely be held *prima facie* evidence of a settlement; it clearly appears, however, that at the time of the acceptance of the check, and the payment thereof, appellees were ignorant of the claim of appellant as to the inspection by the railroad company, or that any deduction had been made on that account; and this, with the other proof in the case, abundantly overcomes any *prima facie* proof of settlement. The rights of the parties, and the justice of the case, turns upon the question of fact as to whether the sale was unconditional or whether it was subject to the condition contended for by appellants. The evidence is conflicting and irreconcilable. It was the province of the jury to determine which was entitled to the greater weight. Taking all the evidence together, in view of the fact that first-class lumber was furnished, the court is of opinion the verdict was right. No such error is found in the instructions complained of as would justify a reversal of the case. The judgment will be affirmed. Opinion by WILKIN, J. Judge below, OLIVER HARKER. Attorneys, for appellant, Mr. W. W. BARR; for appellees, Mr. F. E. ALBRIGHT. Opinion filed July 10, 1886.